**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

HOLLY CANDACE MCCONNELL, et al.,

    Plaintiffs,        Case No. 1:13-cv-210

  v.             Weber, J.
                 Bowman, M.J.

BUTLER COUNTY, OHIO, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

On March 28, 2013, Plaintiff Holly Candace McConnell, through counsel, filed this civil rights suit both individually and as Administratrix of the Estate of Ruby Farley, Ms. McConnell's deceased mother.   As Defendants, Plaintiff has named Butler County, Ohio, the Butler County Board of County Commissioners, the Sheriff of Butler County Richard Jones, Corrections Officer Linda Lambert, Sergeant Carol Seals, and the Butler County Jail Medical Director Antony Abdullah, M.D.   The latter four individual defendants are all named in both individual and official capacities.   Pursuant to local practice, the case has been referred to the undersigned magistrate judge for pretrial proceedings, including for initial consideration and a Report and Recommendation on any dispositive motions. (Doc. 3).

On May 24, 2013, Defendant Dr. Abdullah filed a motion to dismiss for failure to state a claim.   (Doc. 9).   On the same date, Defendant Sheriff Jones filed a separate motion to dismiss for failure to state a claim.   (Doc. 10).   Plaintiff filed a joint response to both motions (Doc. 11), to which Defendants filed a joint reply.   (Doc. 13).   In addition, Plaintiff separately has moved to file an amended complaint, which motion Defendants

oppose on grounds of futility. (Docs. 12, 14). For the reasons that follow, Defendants'
motion to dismiss should be denied, with the exception of two state law claims against
Defendant Jones, and Plaintiff's motion to amend should be conditionally granted.

**I. Factual and Procedural Background**

The following background is derived solely from Plaintiff's complaint. Plaintiff
alleges that Ruby Farley, age 52, died due to untreated opiate withdrawal at the Butler
County Jail on April 1, 2012. (Doc. 1 at 2). Plaintiff alleges that Defendants knew of the
decedent's condition and knew improper management of her medical condition could
lead to death, but exhibited deliberate indifference to her serious medical needs in
violation of the Eighth Amendment and 42 U.S.C. §1983. In addition to her federal claim,
Plaintiff includes state law claims for "negligence/medical malpractice" and for "wrongful
death."

Plaintiff alleges specifically that Defendant Jones "manages and operates the
Butler County Jail," and "was the policy maker with respect to the jail's policies, practices,
and procedures." (Doc. 1 at ¶5). She further alleges that Defendant Abdullah, M.D., was
"the medical director or person responsible for making County policy with respect to
medical policies at the jail." (*Id.* at ¶8). The complaint accuses "Defendants County,
Jones and Dr. Abdullah" of establishing "policies at the jail that were the moving force
behind the death of Ruby Farley," and of "implement[ing] policies that failed to provide
procedures and/or measures that were proper and effective for treatment on inmates with
serious medical needs, includ[ing] those suffering the effects of drug withdrawal." (*Id.* at
¶¶22, 23). Although Defendants Lambert and Seals are alleged to have had a greater
personal role in failing to treat Ms. Farley, Plaintiff alleges that the County, Jones and
Abdullah "failed to train and supervise staff including Defendants Lambert and Seals in

the proper delivering of medical services to inmates…including inmates suffering the effects of drug withdrawal." (*Id.* at ¶24). Finally, Plaintiff alleges that all "defendants" acted "pursuant to County policy" when they acted deliberately indifferent to Ms. Farley's known serious need for medical care and caused Ms. Farley physical pain, emotional distress, and ultimately, Ms. Farley's death (*Id.* at ¶¶25-28).

## II. Analysis

### A. Defendants' Motions to Dismiss

Both Defendant Jones and Defendant Abdullah seek dismissal of all §1983 claims against them in both their official and individual capacities, on grounds that Plaintiff's allegations fail to state a claim against them under Rule 12(b)(6), Fed. R. Civ. P. In reviewing a motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008). This Court limits its review to the factual allegations contained in the complaint, which "must be presumed to be true," with "reasonable inferences [to] be made in favor of the non-moving party." *Id.* However, in order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)(holding that a complaint survives a motion to dismiss where factual allegations state a plausible claim for relief).

Defendants present three arguments in favor of dismissal: 1) that Plaintiff has failed to include sufficient allegations of their personal involvement to state a claim against them in their individual capacities; 2) that Plaintiff's claims against them in their official capacities are redundant; and 3) that this Court should decline to exercise jurisdiction over the state law claims. None of these arguments are persuasive.

### 1.   Individual Capacity Claims

Defendants first argue that they cannot be held liable in their individual capacities, based solely on their supervisory responsibilities, because neither Dr. Abdullah nor Sheriff Jones was personally involved in the decedent's care.

In response, Plaintiff argues that she has sufficiently pleaded personal knowledge of a substantial risk of harm by inference to the circumstantial evidence alleged in her complaint.   She reasons that both Defendants – in their respective capacities as Sheriff and as Medical Director responsible for making County medical policy -- were personally aware that opiate withdrawal is a common and dangerous condition experienced by inmates at the jail.   And, although Defendants contend that there is no allegation that either was *personally* aware of Ms. Farley's medical condition, the very first paragraph of Plaintiff's Complaint alleges that "Defendants knew that Ruby Farley was suffering from severe withdrawal symptoms and knew improper management of this condition could lead to Ms. Farley's death."   (Doc. 1 at ¶1).   This factual allegation pertains to all Defendants, including individual Defendants Jones and Abdullah, and is sufficient to overcome Defendants' motions.[1]

Even if there were no specific factual allegation regarding the Sheriff's and Medical Director's personal knowledge of Ms. Farley's condition, however, Plaintiff argues that Defendants' general knowledge of the risk of harm to Ms. Farley provides an additional ground on which this Court should deny the Defendants' motions to dismiss.   *See Taylor v. Mich. Dept. of Corrections*, 69 F.3d 76, 81-82 (6th Cir. 1995)(citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

---

[1]The same allegation is included in Plaintiff's tendered amended complaint.

In *Taylor*, an inmate plaintiff had sued his Warden, alleging that the Warden (Foltz) violated the Eighth Amendment by exhibiting deliberate indifference to his safety. The inmate had been raped after being improperly transferred between facilities; Warden Foltz's name was on the transfer order. The trial court granted summary judgment on grounds that there was no genuine issue of fact that Foltz was *personally* aware of the risk to the plaintiff in that case. The Sixth Circuit reversed after noting that "Foltz had responsibility for reviewing and approving all transfers" and "to implement procedures that would protect vulnerable inmates from dangerous transfers." The appellate court held that a genuine issue of material fact existed concerning the Warden's awareness of his subordinates' failure to review transfer orders. *Id*. at 80. Regulations allowed Foltz to delegate his transfer signature authority, but deposition testimony revealed that Foltz "was aware that his direct designees were redelegating his authority over transfers to lower echelon prison staff without any explicit authorization to do so, that he was not even sure of the procedures for approval of transfers, and that he had no review procedures to determine whether his authority was being abused." *Id*. Thus, "a reasonable jury could conclude that Foltz's own testimony indicates that the operating procedures in reviewing and authorizing transfers were defective and that the defendant was aware of his subordinates' failure to review prison files before authorizing a transfer." *Id*. The Sixth Circuit disagreed with Foltz's argument that this was akin to a *respondeat superior* theory of liability, under which Foltz could not have been held individually liable. Instead, the Sixth Circuit reasoned that Foltz could be held liable based upon deposition testimony that showed his personal knowledge and responsibility; i.e., that "he was aware of and at least acquiesced in the conduct of his subordinates in approving transfers without

-5-

adequately reviewing the inmate's record" based upon his failure to correct what he (arguably) knew to be defective transfer procedures.   *Id.* at 81.

As in *Taylor*, where the Defendant was charged with setting up procedures for inmate transfers and arguably was aware of defects in those procedures, Plaintiff argues that in this case both the Sheriff and the Medical Director had individual responsibilities to promulgate procedures and medical policies to keep inmates safe from harm.   Plaintiff argues that opiate withdrawal is a common and extremely dangerous condition, creating a "particular class of persons likely to suffer serious harm," and her complaint alleges that both Defendants were aware of that common risk.   (Doc. 11 at 3).   Plaintiff's tendered amended complaint seeks to strengthen and clarify the same allegations.   She has alleged that both Defendants can be held individually liable based upon their actions in failing to formulate adequate treatment policies, and failure to train and supervise jail staff in a manner sufficient to protect inmates who suffered from drug withdrawal symptoms, including Ms. Farley.   In other words, as in *Taylor*, she alleges that each Defendant had a specific job relating to treatment policies, but failed to perform that job, which led to Ms. Farley's death.   Thus, Plaintiff argues that her allegations are sufficient to state a claim against each Defendant in his individual capacity.[2]

In reply, Defendants rely heavily upon *Essex v. County of Livingston*, 2013 WL 1196894 (6th Cir., March 25, 2013), a recent unpublished case in which the Sixth Circuit carefully distinguished between the type of "supervisors' active engagement in a function of their position that directly resulted in injury" that gave rise to individual liability in *Taylor*,

---

[2]Plaintiff also cites *McCullum v. Tepe*, Case No. 1:08-cv-387 (Doc. 106 at 14-18), in which another judge in this district denied summary judgment to the Butler County Medical Director and Sheriff on grounds that each had personal responsibility in failing to implement a policy to prevent the risk of plaintiff's suicide. Notwithstanding consistency between the undersigned's analysis and Judge Black's opinion, *McCullum v. Tepe* is not only unpublished, but was subsequently dismissed through settlement.

and the "failure-to-train or supervise claim" that can only be brought against a supervisor in his official capacity, "insofar as he acted with deliberate indifference in his official capacity as a policymaker." *Id.*, at **3-4. The latter type of claim does "not require direct participation in or encouragement of the specific acts…but may be premised on a failure to act." *Id.* at *4 (citing *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012)). However, *Essex* is distinguishable in part because the Sixth Circuit was not considering a motion to dismiss, but whether a Defendant was entitled to summary judgment concerning claims brought against him in his individual capacity, on qualified immunity grounds.[3] *Accord Phillips v. Roane County, Tenn.,* 534 F.3d 531, 543-544 (6th Cir. 2008). The defense of qualified immunity has not (yet) been presented in this case.

Having considered non-binding recent cases like *Essex* as well as *Taylor* and its progeny, and viewing Plaintiff's allegations in the light most favorable to Plaintiff, the undersigned concludes that Defendants' motions to dismiss should be denied.

## 2. Redundant Official Capacity Claims

Defendants additionally argue in favor of dismissal of the §1983 claims against them in their official capacities, on grounds that Plaintiff's official capacity claims are wholly duplicative of her claims against Butler County. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Plaintiff does not deny that the claims are duplicative, but argues that no binding case law requires dismissal of duplicative claims. *See, e.g., Porter v. City of Columbus*, 2008 WL 202891 at *6 (S.D. Ohio, Jan. 22,

---

[3]The standard of review on the present motion differs from that applicable to a summary judgment motion. Thus, the recommended denial of the instant motions to dismiss should not be viewed as necessarily predictive of resolution of any future motion for summary judgment, should discovery produce evidence that would warrant such a motion. *See, e.g., Essex, supra* (holding that Sheriff was entitled to qualified immunity); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)(granting summary judgment where plaintiff presented no evidence that execution of the supervisors' job function resulted in his injury); *Lupo v. Voinovich*, 235 F. Supp.2d 782, 795 (S.D. Ohio 2002)(same).

2008)(acknowledging body of case law dismissing such claims, but declining to dismiss on grounds that no binding authority requires dismissal, and other courts "routinely countenance such lawsuits."); c*ontrast McGath v. Hamilton Local School Dist.*, 848 F. Supp.2d 831 (S.D. Ohio, 2012)(noting that "courts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit," internal quotation marks and additional citations omitted). Because dismissal is discretionary at this time, the undersigned will recommend against dismissal on this ground.

### 3.  Supplemental Jurisdiction Over State Claims

Last, both Dr. Abdullah and Sheriff Jones urge this Court to decline to exercise supplemental jurisdiction over the professional negligence/malpractice and wrongful death claims brought against them under state law, arguing that those claims would necessarily predominate over any Eighth Amendment claims.  The undersigned disagrees.  To separate the state and federal claims in this case would result in unnecessarily duplicative litigation in state court.

Defendant Abdullah further advocates in favor of dismissal of Plaintiff's medical negligence and wrongful death claims for much the same reasons that he seeks dismissal of Plaintiff's §1983 claims – essentially, because he maintains that Plaintiff has pleaded insufficient facts to state a claim that personally implicates him.  However, for the same reasons that the undersigned recommends against dismissal of Plaintiff's §1983 claim against Dr. Abdullah in his individual capacity, the undersigned recommends against dismissal of the state law claims against that Defendant – at least at this early pleading stage of this litigation.

Defendant Jones separately argues that he cannot be liable for medical negligence or malpractice under Ohio law, because – unlike the Medical Director -- he is not a medical professional or an employee of a medical professional.   Ohio law generally limits liability for medical malpractice to physicians, hospitals, or other medical professionals, *see* O.R.C. §2305.113(E)(3).   Plaintiff does not respond to this argument. Therefore, the undersigned recommends dismissal of Plaintiff's medical negligence/malpractice claim insofar as that claim has been asserted against Defendant Jones.   Based on Ohio law, Plaintiff can maintain that claim only against Defendant Dr. Abdullah.

Last, Sheriff Jones contends that Ohio law provides him with immunity for Plaintiff's wrongful death claim.   *See* O.R.C. § 2744.02.   In reply, Plaintiff concedes that Defendant Jones has immunity for claims filed against him in his official capacity under O.R.C. §2744.02, but maintains that the wrongful death claim against Defendant Jones in his individual capacity should not be dismissed.   For the same reasons that form the basis of denying Defendant's motion to dismiss the §1983 claim against him, the undersigned agrees that Plaintiff's wrongful death claim against Defendant Jones in his individual capacity is not subject to dismissal at this stage.

### C.   Plaintiff's Motion to Amend

Pursuant to Rule 15, Fed. R. Civ. P., leave to amend should be freely granted. Defendants oppose Plaintiff's motion to amend in this case not on the basis of any undue delay or bad faith, but rather, on grounds that the proposed amended complaint continues to include claims covered by the pending motions to dismiss.   Based on their pending motions, Defendants argue that the proposed amendment should be denied as futile. Because the undersigned has recommended denial of Defendants' motions to dismiss,

the proposed amendment should be permitted.   However, the tendered amended complaint should be modified to reflect that no claim for medical malpractice is brought against Defendant Jones, and to eliminate any claim for wrongful death against Defendant Jones in his official capacity.

### III.   Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT**:

1. Defendant Abdullah's motion to dismiss (Doc. 9) should be DENIED;

2. Defendant Jones's motion to dismiss (Doc. 10) should be DENIED in part and GRANTED in part.   Plaintiff's medical negligence/malpractice claim against Defendant Jones should be dismissed in its entirety, as should Plaintiff's wrongful death claim against Defendant Jones in his official capacity.   However, Plaintiff's remaining §1983 claims against Defendant Jones, and Plaintiff's wrongful death claim against Defendant Jones in his individual capacity, should remain at this stage of the litigation;

3.   Plaintiff's motion to amend her complaint (Doc. 12) should be conditionally GRANTED.   Plaintiff should be granted leave to amend, provided the tendered amended complaint is modified as to her claims against Defendant Jones as reflected in this Report and Recommendation.   Plaintiff's amended complaint must be filed by August 30, 2013.


*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

-10-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

HOLLY CANDACE MCCONNELL,

        Plaintiff,                          Case No. 1:13-cv-210

      v.                              Weber, J.
                                        Bowman, M.J.

BUTLER COUNTY, OHIO, et al.,

        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.   That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).