UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **HOLLY CANDACE McCONNELL,** : <br> individually **and** as Administratrix of the : <br> Estate of **RUBY FARLEY**, : <br> C/o Alphonse A. Gerhardstein : <br> 432 Walnut St. #400 : <br> Cincinnati, OH  45202 : <br> : <br>         **Plaintiff,** : <br>   vs. : <br> : <br> **BUTLER COUNTY, OHIO and** : <br> **BUTLER COUNTY, OHIO BOARD** : <br> **OF COUNTY COMMISSIONERS** : <br> Government Services Center : <br> 315 High St, 6th Floor : <br> Hamilton, OH  45011 : <br> : <br>    And : <br> **RICHARD K. JONES,** : <br> **Individually and in his Official** : <br> **Capacity as Sheriff of Butler County** : <br> 705 Hanover Street : <br> Hamilton, OH 45011 : <br> : <br>    And : <br> **LINDA LAMBERT** : <br> **Individually and in her Official** : <br> **Capacity as Corrections Officer** : <br>  c/o Butler County Jail : <br> 705 Hanover Street : <br> Hamilton, OH 45011 : <br> : <br> : <br>    And : <br> **SGT. CAROL SEALS** : <br> **Individually and in her Official** : <br> **Capacity as Sergeant** : <br> c/o Butler County Jail : <br> 705 Hanover Street : <br> Hamilton, OH 45011 : <br> : <br>    And : | Case No.1:13-cv-210 <br><br><br> **FIRST AMENDED COMPLAINT** <br> **AND JURY DEMAND** |

| | |
|---|---|
| **ANTHONY ABDULLAH, M.D.** | : |
| **Individually and in his Official** | : |
| **Capacity as Medical Director of the** | : |
| **Butler County Jail** | : |
| c/o Butler County Jail | : |
| 705 Hanover Street | : |
| Hamilton, OH 45011 | : |
| | : |
| **Defendants.** | : |

## I. Preliminary Statement

1. This civil rights and medical malpractice case challenges Defendants' failure to provide adequate medical care to a woman who suffered a painful death from untreated opiate withdrawal at the Butler County Jail on April 1, 2012. Defendants knew that opiate withdrawal is a common and extremely dangerous condition experienced by inmates entering the Jail. Defendants knew that Ruby Farley was suffering from severe withdrawal symptoms and knew improper management of this condition could lead to Ms. Farley's death. After three days of suffering from withdrawal, Ms. Farley suffered a fatal heart attack in her cell, was left untreated and died soon thereafter. Her daughter, the Adminitratrix of her Estate, brings this action to secure fair compensation and to encourage these and similar defendants to provide safe and effective treatment to future inmates at risk of opiate withdrawal.

## II. Jurisdiction

2. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this court by 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. An affidavit pursuant to Ohio Rule Civ. Proc. 10(D) (2) was previously filed (Doc. 1-1) in support of the medical claims. Venue is proper in this Division.

### III. Parties

3. Plaintiff Holly Candace McConnell is the daughter of Ruby Farley and is the duly appointed Administratrix of her estate. She is a resident of Butler County, Ohio. She brings this action on her own behalf, on behalf of the next of kin, and as the Administratrix of the estate of Ruby Farley.

4. Defendant Butler County Ohio is a unit of local government organized under the laws of the State of Ohio. The County is sued through the Butler County Ohio Board of Commissioners who are named only in their official capacity pursuant to O.R.C. § 305.12. Defendant Butler County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

5. Defendant Sheriff Jones is the duly elected Sheriff of Butler County, Ohio. Sheriff Jones manages and operates the Butler County Jail ("Jail"). He was the policy maker with respect to the jail's policies, practices, and procedures. Sheriff Jones is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and in his official capacity.

6. Defendant Linda Lambert was, at all times relevant to this action, a corrections officer who was employed by Butler County and was responsible for providing medical care to the inmates at the Butler County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued in her individual and in her official capacity.

7. Defendant Carol Seals was, at all times relevant to this action, a corrections official at the Butler County Jail. She is a "person" under 42 U.S.C. § 1983

and at all times relevant to this case acted under color of law. She is sued in her individual and in her official capacity.

8. Defendant Anthony Abdullah, M.D., was, at all times relevant to this action, the medical director or person responsible for making County policy with respect to medical policies at the jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and in his official capacity.

## IV. Facts

9. At the time of her death, Ruby Farley was 52 years old. She had a daughter and two siblings and was loved by her family.

10. On March 30, 2012 Ruby Farley was incarcerated in the Butler County Jail on a charge of contempt of court.

11. She complained at the time of her arrest and on intake at the jail that she was ill and needed medical attention.

12. Ms. Farley was assigned to H pod at the main jail on Hanover Street but was moved the morning of April 1 to J cell at the Court Street jail.

13. Around 11 am Ms. Farley told CO Lambert and Sgt. Seals that she was sick and throwing up and needed to see a medic. She was told to fill out a medical request form where she wrote that she was "sick, throwing up, diarrhea – coming off meds" which she handed to CO Lambert.

14. CO Lambert called a medic at the main jail and told him she had an inmate who was "dope sick" and felt like vomiting. The medic advised her to transport

the inmate back to the main jail for medical treatment. CO Lambert did not transport Ms. Farley to the main jail

15. Sgt. Seals and CO Lambert knew that Ms. Farley has a serious medical need and needed to be seen by a medical professional. Sgt. Seals and CO Lambert also knew that Ms. Farley would be treated more quickly at the main jail but failed to transport her back to the main jail.

16. After lunch Ms. Farley took a turn for the worse. She threw up her lunch. Then she started moaning and screaming for help. When CO Lambert arrived Ms. Farley again asked CO Lambert for medical assistance because she was sick and in pain. Ms. Farley also asked for medication and to be taken to the hospital.

17. CO Lambert declined to give her medication or to send her to the hospital or provide any medical treatment.

18. CO Lambert saw Ms. Farley start to throw up, fall over, hit her head and fall to the floor. CO Lambert left her there. CO Lambert did not call 911 or take any action to render medical attention to Ms. Farley. She left Ms. Farley lying on the floor.

19. When CO Lambert later checked on Ms. Farley she had stopped breathing and did not have a pulse. CO Lambert did not call 911 but she did yell for nearby mental health workers to come perform CPR.

20. CPR was performed until the ambulance arrived. Ms. Farley was pronounced dead at the hospital.

21. Both CO Lambert and Sgt. Seals wrote written statements after the fact that were untrue in order to cover-up their failure to provide medical care to Ms. Farley.

5

22. Defendants County, Jones and Dr. Abdullah have established policies at the jail that were the moving force behind the death of Ruby Farley.

23. Defendants County, Jones and Dr. Abdullah knew that failure to provide appropriate medical care to inmates suffering from drug or alcohol withdrawal put such prisoners at substantial risk of serious harm or death. Defendants also knew that absent policies and procedures to provide adequate medical care, as well as training and supervision of staff in the implementation of such policies, prisoners suffering withdrawal who were not treated would be put at substantial risk of harm or death.

24. Defendants County, Jones and Dr. Abdullah implemented policies that failed to provide procedures and/ or measures that were proper and effective for treatment on inmates with serious medical needs, include those suffering the effects of drug withdrawal.

25. Defendants County, Jones and Dr. Abdullah failed to train and supervise staff including Defendants Lambert and Seals in the proper delivering of medical services to inmates with serious medical needs in the Jail, including inmates suffering the effects of drug withdrawal.

26. Acting pursuant to County policy, the defendants in this case have been deliberately indifferent to the known risk of injury and death posed by not treating Ruby Farley's withdrawal symptoms and they were deliberately indifferent to her need for medical care.

27. Defendants acted with deliberate indifference to Ruby Farley's known serious medical needs and known risk of harm. They failed to properly treat Ms. Farley and did less than their training indicated was necessary.

28. At all times relevant to this action, defendants have acted negligently, recklessly, maliciously and with deliberate indifference to the rights, health and safety of Ruby Farley.

29. As a result of the defendants' actions described above, Ruby Farley suffered pain and emotional distress for the period before her death and suffered injuries resulting in death.

30. As a result of the defendants' action described above plaintiff and next of kin have paid funeral expenses, suffered loss of Ruby Farley's support, services, society, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education and suffered the loss of prospective inheritance through her.

## V. CAUSES OF ACTION

### FIRST CLAIM -- 42 USC § 1983

31. Defendants have, under color of state law, deprived plaintiff of rights, privileges and immunities secured by the Fourth Amendment, Fourteenth Amendment and Eighth Amendment to the U.S. Constitution including but not limited to the right to equal protection, due process, to be free from cruel and unusual punishment, and the right to be protected.

### SECOND CLAIM – NEGLIGENCE/MALPRACTICE

32. Defendant Abdullah breached his duty to provide adequate medical care to Ruby Farley and the duty to hold her safely consistent with professional standards, all in violation of Ohio law. Defendants Lambert and Seals breached their duty to hold Ruby Farley safely in violation of Ohio law. Defendants Lambert and Seals are sued only in

7

their individual capacities on this claim. Such actions by defendants were negligent, reckless, malicious, and deliberately indifferent to the rights of Ruby Farley and further breached the standard of care owed to Rub Farley.

### THIRD CLAIM -- WRONGFUL DEATH

33. Defendants County, Jones, Lambert, Seals, and Abdullah's actions caused the death of Ruby Farley resulting in damages, including grief, recoverable under R.C. §2125.02. This claim against Defendant Jones is brought only against him in is individual capacity.

34. Ruby Farley is survived by her daughter, Holly Candace McConnell, her brother, Charles Wilder and her sister, Deborah Abraham they being the persons entitled to damages and on whose behalf this action is brought pursuant to Ohio Revised Code Section 2125.02

### VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

A. Award plaintiff compensatory damages in an amount to be shown at trial;

B. Award punitive damages against the individual defendants in an amount to be shown at trial;

C. Award plaintiff reasonable attorney's fees, costs and disbursements;

E. Grant to the plaintiff such additional relief as the Court deems just and proper.

                                Respectfully submitted,

                                /s/ Jennifer L. Branch
                                Alphonse A. Gerhardstein (0032053)
                                Trial Attorney for Plaintiffs
                                Jennifer L. Branch (0038893)

        Attorney for Plaintiffs
Gerhardstein & Branch Co. LPA
432 Walnut Street, Suite 400
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gbfirm.com
jbranch@gbfirm.com

/s/ D. Arthur Rabourn
D. ARTHUR RABOURN (0008898)
Waite Schneider Bayless Chesley
Attorney for Plaintiffs
1 West Fourth Street
Cincinnati, OH 45202
(513) 621-0267 phone
(513) 381-2375 fax
artrabourn@wsbclaw.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues triable by a jury.

        /s/ Jennifer L. Branch
        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

        /s/Jennifer L. Branch
        Attorney for Plaintiff