**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


**HOLLY CANDACE McCONNELL,**
**Individually and as Administratrix**
**Of the Estate on Behalf of Ruby Farley,**

     **Plaintiff**


    **v.**         **C-1-13-210**

**BUTLER COUNTY, OHIO, *et al.*,**

     **Defendants**


## <u>ORDER</u>

   This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 15), defendants' objections (doc. nos. 17 and 18 which are duplicate filings) and plaintiffs' response (doc. no. 20). The Magistrate Judge recommended that defendant Abdullah's Motion to Dismiss (doc. no. 9) should be denied; defendant Jones' Motion to Dismiss (doc. no. 10) should be denied in part and granted in part; and plaintiffs' Motion to Amend Her Complaint (doc no. 12) should be conditionally granted.


        **I.**

2

Defendants Anthony Abdullah, M.D. and Richard K. Jones state the following objections to the Magistrate Judge's Report and Recommendation.

1)   In her Complaint and proposed First Amended Complaint, Ms. McConnell does not assert that defendants Jones or Abdullah were personally involved in any care provided to the decedent or had any knowledge of the decedent's condition during her incarceration.   There is a complete absence of any facts to show that defendant Jones or Abdullah were personally involved in the events leading up to Ms. Farley's death. Neither does Ms. McConnell allege any policies promulgated by defendants Jones or Abdullah, but relies instead on general conclusory allegations.   Thus, she does not state a §1983 claim under existing United States Supreme Court as well as Sixth Circuit precedent.   Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability.   Ms. McConnell's claims against defendants Jones and Abdullah are based solely upon their roles as supervisors or policymakers rather than any individual conduct

undertaken by Sheriff Jones or Dr. Abdullah directed toward the decedent, and the Magistrate Judge erred in finding that plaintiffs' Complaint and/or proposed First Amended Complaint containing merely factually naked conclusions and recitations of the elements of her claim were factually sufficient to state plausible claims under *Iqbal/Twombly*.

2)   The Magistrate Judge erred in denying dismissal of redundant official capacity claims against defendants Abdullah and Jones because Butler County is also a defendant in this action.   The Magistrate Judge cites no reason to keep redundant and duplicative claims in this case other than discretion; therefore, dismissal of the claims against defendants Abdullah and Jones in their official capacity is warranted.

3) The Magistrate Judge erred in denying dismissal of Ohio wrongful death claims against defendants Jones and Abdullah individually.   There are no factual allegations of any personal involvement of Sheriff Jones or Dr. Abdullah in the medical care or treatment of Ruby Farley or any involvement in the events preceding

4

her death. Ms. McConnell has not pled factual content to allow the Court to draw the reasonable inference that any actions of Sheriff Jones or Dr. Abdullah caused the death of Ruby Farley to be actionable under Ohio Rev. Code §2125.02.

4)    Defendants object to the Magistrate Judge's granting leave to amend the Complaint arguing that the proposed First Amended Complaint is futile because it fails to state legally plausible claims against defendants Abdullah and Jones. The proposed First Amended Complaint does not correct the deficiencies raised by defendants' Motions to Dismiss. Instead, the proposed First Amended Complaint continues to include claims which the law precludes, resulting in additional expense to defendants Abdullah and Jones if further Motions to Dismiss addressing the same issues must be filed.  A Motion to Amend may be denied for futility "if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 249 (6th Cir. 1986).

5)    Finally, defendants contend that the Magistrate Judge erred in recommending that an Amended Complaint be filed before the

expiration of the fourteen day period allowed by Fed. R. Civ. P. 72(b) for objections to the Magistrate's Report and Recommendation.  This premature deadline has created confusion in the record and needless expense to defendants who must respond to premature filings and/or oppose the premature filings.

On May 28, 2014, the Magistrate Judge ordered the R&R concerning the prior motions to dismiss filed by defendants Abdullah and Jones shall apply equally, as shall defendants' objections thereto, to plaintiff's Amended Complaint filed on August 30, 2013; and defendants Adullah and Jones need not answer the Amended Complaint until fourteen (14) days following the date that the presiding district judge rules upon the pending R&R. All other defendants shall file their answer to the amended complaint within fourteen (14) days of the date of this Order.   No objections were filed.   The fifth objection is MOOT.

6

## II.

Plaintiff responds that the Magistrate Judge correctly concluded that plaintiff may state a claim for deliberate indifference by alleging that defendants knew of a class of persons likely to suffer serious harm but implemented policies that failed to protect those persons. As Sheriff and medical director of the jail, defendant Jones and defendant Abdullah were jointly responsible for overseeing healthcare services and for developing practices at the Butler County Jail that would provide adequate treatment for drug and alcohol abuse. Defendants approved the medical policies of the jail, including the policies for treating inmates suffering from the effects of drugs and opiate withdrawal. Defendants knew that it was an extremely common occurrence for inmates to suffer from withdrawal while in jail, placing such inmates at substantial risk of harm or death.

Plaintiff further argues the Court should accept the Magistrate Judge's recommendation against dismissal of the official capacity claims against defendants Jones and Abdullah because there is no controlling Sixth Circuit or United States Supreme Court law requiring

it.   Defendants Jones and Abdullah are key players in this lawsuit and will be required to participate whether or not the official capacity claims are dismissed. The Court need not be concerned at this juncture that the official capacity claims might confuse the jury, as the Court will instruct jurors on the difference between official capacity and individual capacity claims. As there is no binding law requiring dismissal of the official capacity claims and no benefit to doing so at this point, the Court should adopt the Magistrate Judge's recommendation that the claims not be dismissed.

Additionally, plaintiff argues that her Complaint states a factually sufficient claim for wrongful death against both defendants.   Plaintiff has alleged that the inadequate policies established by Sheriff Jones and Dr. Abdullah were the moving force behind the death of Ruby Farley, and thus a proximate cause of her death.   Plaintiff alleges that defendants owed a duty to the decedent in their capacity as policy makers for the jail, and that they breached that duty by failing to implement an adequate policy, which ultimately led to her death.   Ohio political subdivision immunity under Ohio Rev. Code § 2744.02 does not

8

apply to the claims against defendants in their individual capacity. The Magistrate Judge correctly refused to apply § 2744.02 to plaintiff's wrongful death claims against Sheriff Jones and Dr. Abdullah, individually. Therefore, Ohio Rev. Code § 2744.02 is inapplicable and the wrongful death claims are not subject to dismissal.

Finally, plaintiff argues that declining to exercise supplemental jurisdiction over plaintiff's medical malpractice claim would create unnecessarily duplicative litigation. The state issues do not substantially predominate over the federal claims at issue. The proof necessary to establish deliberate indifference will satisfy the elements of medical malpractice as well. Medical malpractice requires proof that a physician has either done something that a doctor of ordinary skill, care and diligence would not have done under the same circumstances, or that the physician failed to do something that an ordinary physician would have done. As the medical malpractice claim will be proven using the same evidence needed to establish the deliberate indifference claim, the Court should deny defendant's Motion to Dismiss this state law claim. In addition, the Magistrate Judge noted in her

9

Report and Recommendations that dismissal of plaintiff's pendent state law claims against Dr. Abdullah would cause duplicative litigation.

Lastly, plaintiff argues the Court should accept the Magistrate Judge's recommendation that plaintiff's Motion to Amend Complaint be granted.

III.

CONCLUSION

Upon a *de novo* review of the record, especially in light of the defendants' objections, the Court finds that defendants' objections have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court.   The Court finds the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge with one exception.   One objection raised by defendants merits discussion by this Court.   They note that in *Henry v. Clermont County*, Case No. C-1-04-320, this Court declined to exercise supplemental jurisdiction over a professional negligence/medical

10

malpractice claim brought by a jail inmate against the physician who provided medical care to him during his incarceration. This Court concluded that plaintiff's medical malpractice claim predominated over his Eighth Amendment claim in that case, which was based on the doctor's refusal to treat the inmate's pre-existing shoulder injury, and telling the inmate to seek treatment from his own physician upon his release. This Court found that expert testimony would be required to establish the standard of care applicable to his negligence claim, while no expert testimony would be required for his Eighth Amendment claim. (doc. no. 28, May 6, 2005 Order at p. 8).

Here, as plaintiff correctly points out, her allegations against Dr. Abdullah are premised upon her contention that he knew that the decedent and other inmates suffering from drug or alcohol withdrawal were at a substantial risk of serious harm or death if they were not given proper treatment. Despite that knowledge, Abdullah failed to provide appropriate medical care and/or to establish procedures and measures to treat such inmates. Moreover, in this case, plaintiff submitted with her Complaint the affidavit of Mark Popil, M.D., who

opines that Abdullah breached the applicable standard of care by failing to provide proper procedures for the treatment of an inmate such as plaintiff's decedent.   Plaintiff notes that her expert will offer testimony on both her Section 1983 claim and her medical malpractice claim. For these reasons, the Court agrees with the Magistrate Judge's recommendation that the Court exercise supplemental jurisdiction over plaintiff's state law negligence/medical malpractice claim.

Accordingly, the Court hereby ADOPTS the Report and Recommendation of the United States Magistrate Judge (doc. no. 15). Defendant Abdullah's Motion to Dismiss (doc. no. 9) is DENIED; defendant Jones's Motion to Dismiss (doc. no. 10) is DENIED in part and GRANTED in part. Plaintiff's medical negligence/malpractice claim against defendant Jones is DISMISSED IN ITS ENTIRETY; plaintiff's wrongful death claim against defendant Jones in his official capacity is DISMISSED IN ITS ENTIRETY. Plaintiff's remaining §1983 claims against defendant Jones, and plaintiff's wrongful death claim against defendant Jones in his individual capacity, remain pending.

12

Plaintiff filed her Amended Complaint on August 30, 2013 (doc. no. 16) and this Order fully applies to the Amended Complaint as ordered by the Magistrate Judge in her Order dated May 28, 2014 (doc. no. 22).

This case is RECOMMITTED to the United States Magistrate Judge for further proceedings according to law.

IT IS SO ORDERED.

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court